IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY E. BROWN                            *
        Petitioner,
   v.                                                         *   CIVIL ACTION NO. RWT-06-1300

WARDEN                                              *
        Respondent.
                                              ***

**MEMORANDUM OPINION**

     Gregory E. Brown ("Brown"), a detainee at the Baltimore City Detention Center, filed a letter petition on May 19, 2006, complaining that he continues to be held on charges which "should not have been logged against me at this time." (Paper No. 1). He appears to claim that he was charged with a violation of probation after his probationary period had ended. (Id.). Brown claims that: (i) he is scheduled to go before a circuit court judge in September of 2006; (ii) he has yet to meet his public defender; and (iii) neither the circuit court nor the Office of the State's Attorney has contacted him. (Id.). Inasmuch as Brown is attacking pending criminal and/or probation violation charges and is seeking to compel the adjudication of his state charges and his release from confinement, his action shall be treated as a hybrid 28 U.S.C. § 2241 habeas and 28 U.S.C. § 1361 mandamus petition.

     A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 489 (1973); Dolack v. Allenbrand, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently

unconstitutional statutes; or prosecution before a biased state tribunal.  See Younger v. Harris, 401 U.S. 37 (1971); Moore v. Sims, 442 U.S. 415 (1979).

Plainly, Brown has not exhausted his state court remedies.  Further, to the extent that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending State prosecution by means of a pre-trial § 2241 habeas petition.  See, e.g., Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987).  The merits of the habeas petition shall not be considered by this Court.

Moreover, this Court does not have jurisdiction over state employees in an action for writ of mandamus.  See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); see also 28 U.S.C. § 1361.  A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.  See In re Beard, 811 F.2d 818, 826 (4th Cir.1987).  The mandamus relief sought in the instant case requiring Brown's

release from confinement is not the only means by which he may obtain disposition of his charges.

Accordingly, a separate Order shall be entered dismissing this action without prejudice.


Date: 5/31/06                                        /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

2